**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

IN RE:

PALMAS ATHLETIC CLUB CORP. | CASE NO. 25-03489

CHAPTER 11

**DEBTOR'S MOTION FOR AN ORDER ENFORCING THE COURT'S JURISDICTION OVER PLAN CONFIRMATION, TO SHOW CAUSE AND FOR RELATED RELIEF**

**TO THE HONORABLE COURT:**

COMES NOW, PAC, Palmas Athletic Club Corp. ("PAC"), through its undersigned counsel, PAC and respectfully moves for the entry of an order enforcing this Court's control over PAC's Chapter 11 plan-confirmation process, protecting the scheduled September 3, 2026 confirmation hearing, and requiring Mr. Lance Talkington ("Mr. Talkington") and Mr. Rafael Flores ("Mr. Flores") to show cause why further relief should not issue based on Mr. Talkington acting in concert with Mr. Flores' direct communications to the U.S. Securities and Exchange Commission, Financial Industry Regulatory Authority ("FINRA"), the Puerto Rico Office of the Commissioner of Financial Institutions, and the United States Trustee Program and members of PAC outside this Court regarding PAC's proposed second amended Chapter 11 plan of reorganization (the "Plan").

## I. INTRODUCTION

1. The Plan is scheduled for confirmation on September 3, 2026.

2. PACPAC seeks narrowly tailored relief because in accordance with PAC's information and belief, Mr. Talkington acting in concert with Mr. Flores, non-creditors or parties in interest in PAC's Chapter 11 proceedings have recurred directly to the U.S. Securities and Exchange Commission, FINRA, the Puerto Rico Office of the Commissioner of Financial Institutions, and the United States Trustee Program, as well as to members of PAC, outside this Court in an attempt to derail and interfere with the confirmation of the Plan.

3. The requested relief does not seek to restrain any governmental regulator from exercising lawful authority. It seeks to preserve this Court's control over the Chapter 11 case, the confirmation process, and proceedings that may directly affect PAC's reorganization.

4. District courts have original and exclusive jurisdiction over cases under title 11 and the district court in which a bankruptcy case is pending has exclusive jurisdiction over PAC's property and that of its estate. 28 USC §1334.

5. Bankruptcy judges may hear and determine cases under title 11 and core proceedings arising under title 11 or arising in a case under title 11, including matters concerning the administration of the estate and proceedings affecting the liquidation of estate assets or adjustment of the debtor-creditor relationship. 28 USC §157.

6. The Bankruptcy Code authorizes this Court to issue any order, process, or judgment necessary or appropriate to carry out the provisions of the Bankruptcy Code, to enforce or implement court orders or rules, and to prevent an abuse of process. 11 USC §105.

7. Because communications calculated to derail or interfere with confirmation outside this Court threaten the orderly administration of the Chapter 11 case, the Court should enter a

protective order, requiring Mr. Talkington and Mr. Flores to show cause, and reserve sanctions or contempt relief pending notice, hearing, and a factual record.

## II.    STATEMENT OF FACTS

1.    PAC is a debtor-in-possession in this Chapter 11 case. The Plan is scheduled for confirmation on September 3, 2026.

2.    Mr. Talkington and Mr. Flores are residents of the Palmas del Mar Community at Humacao, Puerto Rico and two of over 1,200 members of PAC, respectively with address at 295 Palmas Inn Way and Shell Castle 13, Palmas del Mar, Humacao, P.R. 00791, and are not creditors, equity holders or  parties in interest in PAC's Chapter 11 Case.

3.    To the best of PAC's knowledge, information and belief Mr. Talkington acting in concert with Mr. Flores have communicated directly with the U.S. Securities and Exchange Commission, FINRA, the Puerto Rico Office of the Commissioner of Financial Institutions, and the United States Trustee Program, as well as with PAC's members, outside this Court concerning PAC, the Plan, and its confirmation.

4.    The purpose and effect of those communications is to derail or interfere with the Plan before the September 3, 2026 confirmation hearing.

5.    To the best of PAC's knowledge, information and belief the communications were effected through  the aforesaid entities electronic portals and directly by electronic means to PAC's members.

6.    PAC seeks immediate relief because confirmation is scheduled for September 3, 2026, and continued out-of-court efforts to interfere with that process may disrupt the Plan confirmation, creditor expectations, and orderly administration of the case.

### III.    LEGAL STANDARD

1.      District courts have original and exclusive jurisdiction over bankruptcy cases under title 11. 28 USC §1334.

2.      District courts also have original jurisdiction over civil proceedings arising under title 11, arising in title 11 cases, or related to title 11 cases. 28 USC §1334.

3.      A bankruptcy judge may hear and determine cases under title 11 and core proceedings referred by the district court and may enter appropriate orders and judgments subject to review, as in this case pursuant to the "Standing Order of Resolution for Bankruptcy Cases" dated July 19, 1984 of the Honorable Juan Torruella (See 28 U.S.C. §§1334(a),151,157).

4.      Core proceedings include matters concerning the administration of the estate and proceedings affecting the adjustment of the PAC's-creditor relationship. 28 USC §157.

5.      This Court exercises referred bankruptcy jurisdiction under the District of Puerto Rico's aforesaid standing referral order. *In re De Jesus González*, 432 B.R. 477 (Bankr. D.P.R. 2010).

6.      Bankruptcy jurisdiction is intended to permit efficient and expeditious handling of matters connected with the bankruptcy estate, while remaining limited to matters that could affect estate administration or reorganization. *Celotex Corp. v. Edwards*, 514 U.S. 300, 115 S. Ct. 1493 (1995).

7.      A bankruptcy court's related-to jurisdiction extends to proceedings that may have a direct and substantial effect on a debtor's reorganization. *Celotex Corp. v. Edwards*, supra.

8. The Bankruptcy Code authorizes the Court to issue orders necessary or appropriate to carry out the Code, to enforce or implement court orders or rules, and to prevent an abuse of process. 11 USC §105.

9. Section 105 relief may include an injunction against actions by non-PACs when those actions threaten to thwart or frustrate a PAC's reorganization efforts. *In re Calpine Corp.,* 2007 Bankr. LEXIS 2025 (Bankr. S.D.N.Y. Apr. 30, 2007).

## IV. ARGUMENT

### A. This Court should enforce its control over the Plan-confirmation process and require plan-related objections or challenges to be presented in this case.

1. PAC's confirmation hearing is scheduled for September 3, 2026, and the alleged communications target that confirmation process.

2. This Court has authority to hear and determine core matters concerning the administration of the estate and proceedings affecting the debtor-creditor relationship. 28 USC §157.

3. The confirmation process necessarily implicates the administration of the Chapter 11 estate and the adjustment of relationships among PAC, creditors, and equity-security holders.

4. The Court may issue orders necessary or appropriate to carry out the Bankruptcy Code and to prevent an abuse of process. 11 USC §105.

5. The requested order would not adjudicate any regulator's authority or prevent lawful regulatory action. It would require Mr. Talkington and Mr. Flores to present plan-

confirmation objections, challenges, and requests for plan-related relief in the forum controlling the Chapter 11 case, provided they would have standing therefor, which they do not.

**B. The Court should enter a narrowly tailored protective order preserving the September 3, 2026, confirmation process.**

1. Section 105 authorizes orders necessary or appropriate to carry out the provisions of the Bankruptcy Code and to enforce or implement court orders or rules. 11 USC §105.

2. Courts may use Section 105 to enjoin suits or actions involving non-debtors when those actions threaten to thwart or frustrate a debtor's reorganization efforts. *In re Calpine Corp.*, supra.

3. Preliminary relief under Section 105 in a Chapter 11 case may be supported by a realistic possibility of successful reorganization and a threat to that prospect from the challenged conduct. *In re Bestwall LLC*, supra.

4. Here, the Plan is already scheduled for confirmation on September 3, 2026.

5. If Mr. Talkington and Mr. Flores are pursuing plan-related communications outside the Court for the alleged purpose of derailing or interfering with confirmation, that conduct threatens the orderly and expeditious administration of the case.

6. The balance of hardships favors a limited order requiring plan-related objections and requests for confirmation-related relief to be presented in this Court, because Mr. Talkington and Mr. Flores, assuming in arguendo that they would have standing therefor, would remain free to appear through proper bankruptcy procedures, while PAC and parties in interest would be protected from collateral disruption of the confirmation process.

7.      The requested order should be narrowly tailored to restrain Mr. Talkington and Mr. Flores, and any person acting in active concert with them with actual notice of the order, from taking actions outside this Court for the purpose of delaying, obstructing, or derailing confirmation of the Plan.

8.      The order should not prohibit truthful communications required by law or direct communications initiated by a governmental regulator acting within its authority, provided that Mr. Talkington and Mr. Flores give prompt notice to PAC and the Court of any plan-confirmation-related communication to the extent such notice is not prohibited by law.

**C.      The Court should issue an order to show cause directed to Mr. Talkington and Mr. Flores.**

1.      The Court may act on its own motion or on request of a party in interest to take action necessary or appropriate to enforce court orders or rules or prevent an abuse of process. 11 USC §105.

2.      An order to show cause is appropriate because the alleged conduct occurred outside the Court, and the Court should determine the facts after notice and an opportunity to be heard.

3.      Mr. Talkington and Mr. Flores should be required to show cause why they should not be ordered to cease plan-confirmation interference outside this Court, disclose plan-related communications made to the identified regulators and PAC's members and comply with procedures preserving this Court's control over confirmation.

4.      The order to show cause should require Mr. Talkington and Mr. Flores to identify, for the period of June 1, 2026 through the date of the show-cause hearing, all communications concerning PAC, the plan, confirmation, or the September 3, 2026 hearing made to the U.S.

Securities and Exchange Commission, FINRA, the Puerto Rico Office of the Commissioner of Financial Institutions, and the United States Trustee Program and PAC's members .

**D.** **The Court should reserve sanctions and contempt relief pending the show-cause hearing and factual findings.**

1. Bankruptcy courts have authority under Section 105 to issue orders necessary or appropriate to enforce the Bankruptcy Code, implement court orders, and prevent abuse of process. 11 USC §105.

2. A bankruptcy court may clarify and enforce its prior orders, and once an injunction order becomes final, jurisdiction to issue that injunction is not subject to collateral challenge. *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 129 S. Ct. 2195 (2009)supra.

3. If the Court finds that Mr. Talkington and Mr. Flores abused the Court's process or intentionally attempted to frustrate the reorganization through conduct subject to this Court's authority, the Court may consider appropriate remedial relief under Section 105.

4. The Court should reserve any monetary sanctions, contempt findings, fee shifting, evidentiary relief, or other coercive or compensatory measures until after Mr. Talkington and Mr. Flores receive notice and an opportunity to be heard.

**E.** **The requested relief respects the limits of the Court's equitable authority.**

1. Section 105 does not permit a bankruptcy court to override express provisions of the Bankruptcy Code. *Law v. Siegel*, 571 U.S. 415, 134 S. Ct. 1188 (2014).

2. The requested relief is not a discharge of any non-debtor liability, a release of claims against Mr. Talkington and Mr. Flores, or an injunction barring regulators from acting within their lawful authority.

3.     The requested relief instead preserves the Court's ability to administer the Chapter 11 case, conduct the September 3, 2026, confirmation hearing, and determine plan-related issues within the bankruptcy process.

**WHEREFORE**, PAC respectfully requests that the Court enter an order:

1.     Enforcing the Court's jurisdiction and control over PAC's Chapter 11 plan-confirmation process and the September 3, 2026, confirmation hearing;

2.     Directing that any objection, challenge, request, or other effort by Mr. Talkington and Mr. Flores seeking to affect confirmation of the Plan be presented in this Court and served in accordance with applicable bankruptcy procedures;

3.     Requiring Mr. Talkington and Mr. Flores to show cause at a hearing to be scheduled by the Court as to why the Court should not enter further relief, including sanctions, contempt remedies, attorney's fees and compensatory relief;

4.     Requiring Mr. Talkington and Mr. Flores to disclose, at least five (5) days prior to the hearing to show cause, all communications from June 1, 2026 through July 24, 2026 concerning PAC, the Plan, confirmation, or the September 3, 2026 confirmation hearing made to the U.S. Securities and Exchange Commission, FINRA, the Puerto Rico Office of the Commissioner of Financial Institutions, and the United States Trustee Program or any member of PAC;

5.     Reserving jurisdiction to interpret, implement, and enforce the order; and

6.     Granting such other and further relief as the Court deems just and proper.

**CERTIFICATE OF SERVICE**: I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the participants thereof and forwarded copy by regular mail postage prepaid to Mr. Lance Talkington at his address of 295 Palmas Inn Way, Palmas del Mar, Humacao,

Puerto Rico and to Ste 104 PMB 354, HUMACAO, PR, 00791 and by e-mail to Lance@talkington.com, and to Mr. Rafael Flores at his address of Shell Castle 13, Palmas del Mar, Humacao, P.R. 00791 and by e-mail to rflores316@yahoo.com.

San Juan, Puerto Rico, this 24th day of July 2026.

s/ CHARLES A. CUPRILL-HERNANDEZ
USDC-PR 114312
Charles A. Cuprill, P.S.C. Law Offices
Counsel for Debtor
356 Fortaleza Street, Second Floor
San Juan, PR 00901
Tel: 787-977-0515
Fax: 787-977-0518
E-mail: cacuprill@cuprill.com